HEARD NOVEMBER TERM, 1879.

CASE No. 790.

H. H. THOMSON v. T. M. JOPLIN ET AL.

1. Where in an action for the recovery of personal property the defendant gave his undertaking with sureties for the delivery of the property or for the payment of such sum as may for any cause be recovered against him, judgment for a sum of money, as damages, and a return of *nulla bona*, are conclusive evidence of the breach of the bond and of the damages sustained.
2. The fact that the plaintiff elected to ask a recovery in damages in place of specific delivery does not discharge the sureties to such undertaking.

Before ALDRICH, J., Spartanburg, March, 1879.

The nature of this action is fully stated in the opinion of the court. The waiver alluded to is thus stated in the report of the referee in the case for claim and delivery of the personal property: The plaintiff, at the opening of the case before your referee, having elected to ask a recovery in damages in place of specific delivery of the said mare, I find he is entitled to judgment against the defendant in the sum of, &c.

*Mr. E. H. Bobo,* for appellants.

*Mr. J. S. R. Thomson,* for respondent.

January 7th, 1880. The opinion of the court was delivered by

WILLARD, C. J. The action was upon a bond given by a defendant in an action for the recovery of personal property, under Section 234 of the code, in order to secure to the defendant the return of the property in suit that had been taken by the sheriff under the provisions of Section 232. The condition of the bond followed the language of Section 234 substantially, and was as follows: "For the delivery of the said property to the plaintiff, if such delivery should be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant in this action." Judgment was recovered in the action in which said bond was given, but no delivery of the property to the plaintiff was adjudged. The question is, whether proof of such judgment was conclusive evidence of a breach of the bond and of the damage sustained by reason of such breach. The Circuit Court so held, and the defendants who appeared and answered appeal therefrom.

It is clearly not the intention of the statute, which gives the language of the appropriate undertaking, to make the agreement to pay such sum as might from any cause be recovered against the defendant conditional upon there being a judgment for the return of the property to the plaintiff, and the bond must receive the same construction as the language of the act which it followed. There is no language to impart any such condition; on the contrary, the obligation of the sureties, as it regards the return of the property and the payment of any sum recovered, is stated in cumulative language, so that a separate and distinct breach may be assigned as to each. It is clear that this is one of the class of cases referred to in *Smith* v. *Moore,* 7 *S. C.* 209, where the recovery of the judgment is in itself the happening of the contingency in which the surety was to become bound, and, consequently, conclusive proof not only of a breach of the bond, but of the quantity of damage resulting therefrom.

It is contended that the waiver of the plaintiff in the action in which the bond was given of claim to the delivery of the property specifically discharged the sureties on the bond. To make good this proposition it would be necessary to establish

that the sureties can question the regularity of the judgment recovered in the principal action. On general principles this cannot be done, but in the present case the insertion of the words "for any cause" clearly was intended to exclude the surety from alleging that the judgment was rendered for some special cause beyond the contemplation of the undertaking.

The judgment must be affirmed and the appeal dismissed.

Appeal dismissed.

McIVER, A. J., concurred.